UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW GANTT,

        Plaintiff,

v.

MIGUEL BALDERRAMA,

        Defendant.

CASE NO. 3:21-cv-05855-RSM-BAT

**REPORT AND RECOMMENDATION**

## INTRODUCTION

On November 21, 2021, Plaintiff who is confined at Clallam Bay Corrections Center (CBCC), submitted a *pro se* 42 U.S.C. § 1983 prisoner civil rights action against Dr. Miguel Balderrama alleging the doctor violated his rights by providing inadequate medical care and by being deliberately indifferent to Plaintiff's safety while Plaintiff was confined in the Pierce County Jail.

The Court screened the complaint under 28 U.S.C. § 1915A(a) which direct the Court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 1

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

After screening the complaint in this case, the Court issued an order on December 29, 2021, advising Plaintiff the complaint he filed was deficient in that it failed to show how Dr. Balderrama caused or participated in the harm alleged. The Court advised Plaintiff the complaint was subject to dismissal, but as Plaintiff proceeds as a *pro se* prisoner, the Court will allow Plaintiff to file an amended complaint no later than January 13, 2022. The Court received an amended complaint that was dated January 16, 2022. Dkt. 10. Although the amended complaint is untimely the Court again reviews the matter because Plaintiff proceeds *pro se* and is in custody.

Having reviewed the amended complaint, and attached exhibits and brief, the Court concludes the amended complaint is deficient. The amended complaint restates the claims

REPORT AND RECOMMENDATION - 2

alleged in the original complaint. The Court advised Plaintiff in December 2021 that these allegations failed to state a claim upon which relief may be granted. As Plaintiff has already been given leave to amend, the Court recommends the amended complaint be DISMISSED with prejudice.  complaint. As such, the Court recommends the complaint be dismissed with prejudice.

## THE COMPLAINT

Plaintiff's amended complaint and supporting attachments restate the allegations contained in the original complaint. The original complaint filed in December, 2021 is nine-pages in length; attached are a two-page brief and 26 pages of exhibits. Dkt. 6. The original complaint names one defendant, Dr. Miguel Balderrama, the Pierce County Jail medical director, and alleges "Miguel Balderrama violated the 8th Amendment cruel and unusual punishment by inadequate medical care and deliberate indifference to Plaintiff safety." *Id*. at 4. The original complaint contains no facts in support of the allegation.

The brief in support of the original contends on page one that Dr. Balderrama violated Plaintiff's rights. *Id.* (brief). On page two, the brief alleges on October 11, 2020, Plaintiff was involved in an altercation and suffered a fracture to the base of the fifth metacarpal in his hand. The Pierce County Jail X-rayed Plaintiff's hand and placed it in a cast. A week later, the Jail transported Plaintiff to an outside orthopedic doctor located in Gig Harbor. X-rays were repeated, and the outside doctor again placed Plaintiff into a cast. Upon his return, Plaintiff was placed into the Pierce County Jail medical wing and remained there while attending follow-up visits for the next five weeks with the Gig Harbor doctor.

At some point during the five-week follow-up visits, the Gig Harbor doctor removed Plaintiff's cast and replaced it with a hand-brace. During the five-week follow-up, Plaintiff

REPORT AND RECOMMENDATION - 3

alleges he complained that he continued to have hand pain and could hear popping or clicking noises. Plaintiff avers "to be clear plaintiff injury is not the complaint, the complaint is deliberate indifference to a serious need and Defendant fail to act reasonable or reckless disregard in response to danger." *Id.* at 2.

As noted above, Plaintiff also attached exhibits in support of his complaint. Exhibit A is a partial medical record indicating Plaintiff has a 5th metacarpal fracture; needs an "ortho eval"; that the outside "consultant requested a f/u visit in 2 weeks needs f/u with ortho"; and "rec 3 weeks f/u needs with ortho." *Id*. (Exhibits) at 2.

Exhibit B is a partial medical record in which the off-site provider noted "Healthy . . . 5th metacarpal base fracture"; no medication changes; and a recommendation of "Brace to L hand at all times for 2 weeks cleared to use L hand without restriction after 2 weeks f/u as needed." *Id.* at 4.

Exhibit C is a partial record indicating on January 9, 2021, Plaintiff was seen in the medical clinic indicating he felt his hand was still broken; that it hurts when he bends it and puts pressure on it and is worried the splint the jail provided was inadequate. Plaintiff also felt his current jail placement presents a possibility of getting into fights. The note from this date indicates "Last orthopedic visit reported 10 DEC 2020 adequate healing of left-hand 5th metacarpal fracture." *Id.* at 6.

Exhibit C also contains a notation from January 28, 2021, that "pt seen after possible altercation  pt states he has nothing wrong with him and does not need to be seen by medical. Pt asked if there was anything that could have happened earlier today that he would want addressed pt stated no."

Exhibit D is a partial medical record showing X-rays of Plaintiff's hand were taken on

REPORT AND RECOMMENDATION - 4

January 9, 2021 and a note that Plaintiff's "feels his hand is still broken." *Id.* at 8.

Exhibit E is a January 20, 2021 kite indicating Plaintiff wishes to grieve the health care provider because Dr. Balderrama approved Plaintiff's return to the jail's general population, exposing Plaintiff to risk of altercations. *Id.* 10.

Exhibit F is a partial medical record from the Washington Department of Corrections completed as part of the medical screening upon intake, dated February 19, 2021. The record notes a "displaced comminuted interarticular fracture 5th metacarpal bases, left hand, subacute: and recommends placement of a "gutter splint" for three weeks. *Id.* at 13.

Exhibit F also contains a narrative that Plaintiff drafted on September 1, 2021 indicating he believes his allegations establish Defendant was deliberately indifferent to his medical needs though due to the impact of COVID-19, he has not investigated the facts supporting his claim or performed legal research at the Prison law library. The exhibit also attaches a "Standard Tort Claim Form Packet" for tort claims against the State of Washington.

## AMENDED COMPLAINT

The amended complaint repeats the allegations contained in the original complaint. No new facts are alleged. The amended complaint also raises one claim against one defendant, Dr. Miguel Balderrama and avers:

> On Oct 11, 2020, Plaintiff was involved in an altercation Plaint had Exrays; Exrays indicated fracture Plaintiff was transported to Gig Harbor for to be casted and follow-up. Plaintiff was denied followup for the first or second month of January Plaintiff was placed in medical to prevent further injury. Plaintiff was removed from medical wing against plaintiff will from fear of reinjuring plaintiff's hand. Plaintiff warned Dr. Balderrama of the danger it posed and risk, plaintiff stated several time of this danger that his hand was broken and he feared something was more internally wrong with hand spite the doctor's diagnosis and also wanted a second opinion. However, plaintiff also warned Dr. Balderrama that if placed in general population plaintiff would be in another

>altercation that would ultimately reinjure plaintiff's hand. Dr. Balderrama did nothing to respond to risk or danger plaintiff was placed in population where another altercation occurred reinjuring Plaintiff's hand.

Dkt. 10 at 5 (amended complaint). Attached to the amended complaint are the same exhibits and brief in support that were attached to the original complaint.

## DISCUSSION

As noted above, in order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.  **Constitutional Right to Adequate Medical Care**

Plaintiff alleges Defendant violated the Eighth Amendment by being deliberately indifferent to his medical needs and providing inadequate medical care. To establish an Eighth Amendment medical care violation, Plaintiff must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc).

REPORT AND RECOMMENDATION - 6

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the serious medical need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). However, a prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. However, a difference of opinion between an inmate and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004); *see also Estelle*, 529 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). An inmate must show the course of treatment chosen "'was medically unacceptable

REPORT AND RECOMMENDATION - 7

under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Toguchi*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).

Here, Plaintiff alleged facts showing he had a fractured hand. He thus meets the first prong of the deliberate indifference standard. However, he fails to meet the second prong. He fails to establish Dr. Balderrama was deliberately indifferent to the fracture he suffered. The original and amended complaints instead show the Pierce County Jail medical staff responded to the fracture by having x-rays taken, placing a cast on Plaintiff's hand, having Plaintiff examined and treated by an outside orthopedic doctor, having follow-up visits, and placing Plaintiff in the medical wing for five weeks while he recovered.

The amended complaint also alleges Plaintiff disagreed with Defendant's diagnosis and that Plaintiff wanted a second opinion. However, as noted above, a difference of opinion between an inmate and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. Further Plaintiff submitted a Pierce County Medical record dated January 28, 2021, that he was seen after a possible second altercation and he told the medical staff there was nothing wrong with him, does not need medical attention, and there was nothing that happened earlier in the day.

The record thus shows the Pierce County Jail staff recognized Plaintiff had injured his hand and provided Plaintiff treatment. There is no indication the Jail refused to acknowledge Plaintiff's injury and refused to treat the injury. The Court notes Plaintiff implies Defendant also violated the Eighth Amendment by clearing him medically to return to the Pierce County Jail's general population and thereby exposing him to the risk of possible altercations. However, the complaint presents no facts showing Plaintiff faced substantial risk of harm, and the January 28,

2021 Jail medical note indicates Plaintiff denied that he needed any medical attention and made no mention of possible altercation. The complaint also fails to establish that Defendant, a medical doctor, directed or possessed the authority to direct where in the general population Plaintiff was to be placed following release from the medical wing. That is, while Defendant may have cleared Plaintiff based upon the state of his health, there is nothing indicating Defendant was in charge of or directed where in the Jail Plaintiff would be placed upon release from the medical wing. Hence there is no basis to conclude Defendant took action that exposed Plaintiff to substantial risk of harm in violation of the Eighth Amendment. Based upon the pleadings submitted, Plaintiff has failed to establish Dr. Balderrama was deliberately indifferent to Plaintiff's medical needs or indifferent to his safety in violation of the Eighth Amendment. The Court accordingly recommends the complaint be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **June 1, 2022.**  The Clerk should note the matter for **June 3, 2022,** as ready for the District Judge's consideration.  Objections shall not exceed ten pages.

The failure to timely object may affect the right to appeal.

DATED this 18th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9